UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRUCE JOHNSON,

               Petitioner,

               - against -

WILLIAM A. LEE, Superintendent,

               Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-4456 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* petitioner, Bruce Johnson, filed the instant petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. (Pet. Writ Habeas Corpus ("Pet.") (Doc. No. 1) at 1 (ECF pagination).) For the reasons set forth below, Johnson is directed to submit an affirmation, within sixty (60) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

     **I.**     **The AEDPA Statute of Limitations**

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year statute of limitations for the filing of an application for a writ of *habeas corpus* by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A "properly filed" application for state post-conviction or other collateral review tolls the one-year period while pending. 28 U.S.C. § 2244(d)(2).

Additionally, there are special circumstances that may qualify a petitioner for equitable tolling. The statute of limitations period may be equitably tolled if a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling, however, is only appropriate in rare and exceptional circumstances." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (internal quotation omitted).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125.

## II. The Instant Petition

The facts alleged in the instant petition suggest that Johnson's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. A judgment of conviction was rendered against Johnson on October 29, 1992, which was affirmed on June 26, 1995 by the Appellate Division, Second Department. *See People v. Johnson*, 216 A.D.2d 583 (2d Dept. 1995). On August 30, 1995, the New York Court of Appeals denied leave to appeal, affirming the Appellate Division's Order. *See People v. Johnson*, 86 N.Y.2d 796 (1995).

A judgment of conviction becomes final 90 days from the date the New York Court of Appeals denies leave to appeal. *See Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001). Therefore, Johnson's conviction became final on or about November 28, 1995, prior to the enactment of AEDPA. As such, Johnson had one-year from the effective date of the Act – until April 24, 1997 – to timely file a habeas corpus petition. *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). The instant petition was filed more than 19 years later, on July 27, 2016, and is thus barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

## III. Statutory and Equitable Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Johnson does not qualify for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because he did not file his state court applications for post-conviction relief until long after the expiration of the limitations period.[1] A motion for post-conviction relief filed after the limitations period has expired does not re-set the statute of limitations period. *McGinnis*, 208 F.3d at 17.

Accordingly, the petition is time-barred unless there is a basis for equitable tolling. In order to be eligible for equitable tolling, Johnson must establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This Circuit has previously held that equitable tolling should be applied only in "rare and exceptional circumstances." *Smith*, 208 F.3d at 17. Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). On the present record, there is no basis for equitable tolling.

## CONCLUSION

Johnson is directed to show cause by affirmation, within sixty (60) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[2] Johnson's affirmation should include any facts which would support statutory or equitable tolling of the

---

[1] Johnson states that he filed a post-conviction motion in 2002, which was denied on June 10, 2002. (Pet. at ¶ 11.) He also subsequently filed two additional post-conviction motions that he states were denied on July 1, 2013 and February 4, 2014, but he again does not provide the dates he filed those motions. (*Id.*) Although the Court is not aware of the precise filing dates, it appears these post-conviction motions were filed after the one-year period had already expired. As such, they cannot serve to toll the limitations period under § 2244(d)(2).

[2] An affirmation form is attached to this Order for Johnson's convenience.

4

statute of limitations, and he shall append to his affirmation documentary evidence, if available, supporting his allegations.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for Johnson to comply with this Order. If Johnson fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

The Clerk of Court is directed to transmit to petitioner a copy of this Memorandum and Order and attached affirmation form via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
March 26, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BRUCE JOHNSON,

       Petitioner,                                  **PETITIONER'S AFFIRMATION**
                                                                                16-CV-4456 (RRM)

  -against-

WILLIAM A. LEE, Superintendent,

       Respondent.
---------------------------------------------------------x
STATE OF NEW YORK    }
                                } ss:
COUNTY OF _____  }

      I, BRUCE JOHNSON, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Memorandum and Order dated _____, 2017. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.     In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____     _____
                                                  Signature

                                                  _____
                                                  Address
                                                  _____

                                                  _____
                                                  City, State & ZIP